REQUESTED BY: Senator Richard Peterson Nebraska State Legislature Unicameral, State Capitol Lincoln, Nebraska 68509
Dear Senator Peterson:
In your letter of April 6, 1981, you requested our opinion `as to the constitutionality of LB 184.' We have reviewed the bill referenced in your letter, and we find serious questions as to the constitutional validity of this type of legislation.
LB 184 basically provides that no corporation other than a family farm or ranch corporation or an authorized farm corporation shall engage in farming or ranching in Nebraska or shall directly or indirectly own or otherwise obtain an interest in real estate used for farming or ranching in Nebraska. The bill defines a family farm or ranch corporation as a Nebraska corporation, founded for the purposes of farming or ranching and the ownership of agricultural land, in which the majority of the voting stock is held by members of a family related to one another within the fourth degree of kindred at least one of whom is a person residing on or actively engaged in the labor or management of the farm or ranch. Corporations or partnerships may not be stockholders in a family farm or ranch corporation. The bill further defines an authorized farm corporation as a corporation (a) which has no more than ten shareholders, (b) which has no more than one class of shares, (c) whose shareholders are natural persons and not non-resident aliens, and (d) whose revenue from rent, royalties, dividends, interest, and annuities does not exceed twenty percent of its gross receipts. LB 184 also contains provisions relating to further exceptions and enforcement which are not pertinent to our present discussion.
This office has issued numerous opinions on bills nearly identical or similar to LB 184 over the past several years. See, Report of the Attorney General, 1971-1972, No. 86 at page 201 and No. 118 at page 275, Report of theAttorney General, 1973-1974, No. 116 at page 159, Reportof the Attorney General, 1975-1976, No. 5 at page 5 and No. 40 at page 43, Report of the Attorney General, 1977-1978, No. 44 at page 62 and No. 172 at page 258. We have attached copies of two of the more recent of these opinions to this letter for your reference.
In all of the opinions cited above, this office has repeatedly stated that legislation similar or identical to LB 184 is of suspect constitutional validity. We have variously stated that this type of legislation involves an improper and invalid legislative classification of corporations, that this type of legislation involves an improper overextension of the Legislature's police power, and that this type of legislation is in contravention of Article XII, Section 1, and Article III, Section 18 of the Nebraska Constitution pertaining to special laws. We have reviewed LB 184 in light of our various earlier opinions and we have determined that LB 184 raises the same constitutional concerns as we expressed earlier.
As we have also previously stated, we are not unmindful of the importance of agriculture to the State of Nebraska and of the legislative concerns addressed in LB 184. However, we must again state, as in our earlier opinions, that the type of legislation exemplified by LB 184 does raise serious constitutional concerns and is of suspect constitutional validity.
Sincerely yours, PAUL L. DOUGLAS Attorney General Dale A. Comer Assistant Attorney General